UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SENIOR HEALTH INSURANCE
COMPANY OF PENNSYLVANIA
REHABILITATION PLAN LITIGATION  MDL No. 3033

ORDER DENYING TRANSFER

**Before the Panel**: Defendants Senior Health Insurance Company of Pennsylvania (SHIP); Michael Humphreys, Acting Insurance Commissioner for the Commonwealth of Pennsylvania and Statutory Rehabilitator of SHIP;[1] and Patrick Cantilo, Special Deputy Rehabilitator of SHIP, move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania. This litigation consists of three actions pending in the Southern District of Iowa, the District of New Jersey, and the District of North Dakota, as listed on Schedule A.[2] Plaintiffs in all three actions oppose centralization. Alternatively, plaintiffs argue that one of the districts where the actions are pending should be selected as the transferee forum. Plaintiffs in the District of North Dakota action specifically suggest that district as the transferee forum.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions involve the enforcement of a rehabilitation plan for SHIP that was approved by the Pennsylvania Commonwealth Court in 2021. Plaintiffs, who are state insurance commissioners and regulatory agencies, seek to enjoin defendants from implementing the rehabilitation plan as to policyholders in their respective states without first obtaining approval from the state insurance regulator of any rate or benefit changes. The actions undoubtedly are similar and share some factual questions. But where, as here, "only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Hyundai and Kia GDI Engine Mktg., Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1341, 1343 (J.P.M.L. 2019). Defendants have not satisfied their burden to show that the benefits of centralization outweigh the disruption to the pending actions and inconvenience that would be imposed on the parties and witnesses.

---

[1] The actions name Jessica Altman, the former Insurance Commissioner of the Commonwealth of Pennsylvania and statutory rehabilitator of SHIP, as a defendant.

[2] A fourth action on the motion was remanded to state court from the Eastern District of North Carolina.

- 2 -

At the outset, we observe that centralization appears premature.  Plaintiffs in each action have moved to remand those actions to state court.  One of the actions initially listed on the Section 1407 motion already has been remanded.  Though we express no opinion as to the merits of these motions, it seems to us that a reasonable prospect exists that this litigation could, in relatively short order, lose its multidistrict character or be remanded in its entirety.

Setting aside the pending remand motions, resolution of these actions likely will hinge on legal questions.  There is no factual dispute as to the conduct of the proceedings in the Commonwealth Court or the terms of the rehabilitation plan.  These actions thus primarily present a legal question—whether defendants must obtain approval for rate and benefit changes from the insurance regulators of the states where they seek to implement the rehabilitation plan.  Common legal questions generally are insufficient to satisfy Section 1407's requirement of common factual questions.  *See In re Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009) ("Merely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization.").

Defendants contend that these actions will entail dueling actuarial experts with respect to how implementation of the rehabilitation plan versus partial implementation will affect policyholders and the viability of SHIP.  Whether the rehabilitation plan is reasonable, though, does not appear central to the dispute regarding which state regulators have the final say as to implementation of the rehabilitation plan.  And, to the extent these actions present common factual questions, alternatives to centralization are available to minimize any duplication in pretrial proceedings.  The small number of involved courts and counsel here should facilitate informal coordination of any overlapping discovery.  *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L.1978).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: SENIOR HEALTH INSURANCE　　　　　　　　　　　　　　　
COMPANY OF PENNSYLVANIA
REHABILITATION PLAN LITIGATION**　　　　　　　　　　MDL No. 3033

## SCHEDULE A

<u>Southern District of Iowa</u>

IOWA INSURANCE COMMISSIONER v. COMMISSIONER OF INSURANCE
　　FOR THE COMMONWEALTH OF PENNSYLVANIA, ET AL.,
　　C.A. No. 4:22−00083

<u>District of New Jersey</u>

CARIDE, ET AL. v. ALTMAN, ET AL., C.A. No. 3:22−01329

<u>District of North Dakota</u>

GODFREAD, ET AL. v. ALTMAN, ET AL., C.A. No. 1:22−00044